**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| DEBORAH YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>Defendant. | Case No.: 1:24cv22625<br><br>Removed from the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2024-105706-SP-25 |

## AT&T Mobility LLC's Notice of Removal

Defendant AT&T Mobility LLC removes this action currently pending in the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### NATURE OF REMOVED ACTION

1) On March 30, 2024, AT&T announced that AT&T-specific data fields were contained in a data set released online approximately two weeks before. AT&T shared its determination with regulators and the public, took precautionary measures, and began notifying customers. As of July 9, 2024, over 60 related putative class actions have been filed against AT&T and its related entities, including AT&T Mobility LLC, in 12 federal district courts in 8 states in connection with the incident. The putative class plaintiffs in each action purport to represent all individuals whose information was allegedly impacted by the incident, and

allege AT&T failed to safeguard personal information in violation of common law, contracts, and consumer protection statutes.

2) On April 2, 2024, one of the plaintiffs moved the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate pending federal court actions in multidistrict litigation ("MDL") in the Northern District of Texas. *See In re AT&T Inc. Customer Data Security Breach Litigation*, JPML No. 3114, ECF No. 1 (Apr. 2, 2024). On June 5, 2024, the JPML issued a Transfer Order consolidating actions relating to the data incident on the grounds that centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. The JPML assigned the consolidated proceeding to Judge Ada E. Brown in the Northern District of Texas and broadly noted that "any other related actions" are potential tag-along actions pursuant to the JPML Rules. *See In re AT&T Inc. Customer Data Security Breach Litigation*, JPML No. 3114, ECF No. 139 (June 5, 2024).

3) On May 23, 2024, Plaintiff Deborah Young commenced this action against AT&T Mobility LLC in the County Court in and for Miami-Dade County, Florida, Case No. 2024-105706-SP-25 (the "State Court Action") bringing claims for breach of agreement for good faith and fair dealing and violations of the Florida Deceptive and Unfair Trade Practices Act. Ms. Young alleged that AT&T Mobility LLC "allowed [her] personal information to be compromised" and she sought damages, injunctive and declaratory relief, and attorney's fees and costs.

4) Over the next month, counsel for Ms. Young also filed numerous other complaints against AT&T Mobility LLC regarding the data incident on behalf of other named plaintiffs in Florida courts. *See, e.g.*, *Caruso v. AT&T Mobility LLC,* Case No. 2024-112830-SP-25 (Miami-Dade County); *Surowiec v. AT&T Mobility LLC,* Case No. 2024-103564-SP-25 (Miami-Dade County); *Russo v. AT&T Mobility LLC,* Case No. 2021-029290-SP-26 (Miami-Dade County); *Quick v. AT&T Mobility LLC,* Case No. 2024-114584-SP-25 (Miami-Dade County); *Varela v. AT&T Mobility LLC,* Case No. 2024-116186-SP-25 (Miami-Dade County).

5) On July 9, 2024, AT&T Mobility LLC removed one of Ms. Young's counsel's data incident cases (*Caruso*) to the Southern District of Florida on two grounds—(1) Mr. Caruso's claims had already vested in and were completely subsumed by the cases and claims already consolidated in the federal MDL and, thus, the Court has jurisdiction pursuant to the Class Action Fairness Act; and (2) diversity jurisdiction pursuant to 28 U.S.C. 1332. On July 10, 2024, AT&T Mobility LLC also removed *Russo* and *Surowiec* on the same grounds. Within minutes of the *Russo* and *Surowiec* removals, Ms. Young's counsel amended her complaint (as well as the *Surowiec*, *Quick*, and *Varela* complaints) to limit the amount in controversy in hopes of avoiding federal court jurisdiction.

6) Ms. Young's amended complaint raises the same claims as before—on the same theories—but now purports to limit her claims for damages to $8,000 in small-claims damages and $2,500 in attorney fees. A true and correct copy of Ms. Young's amended complaint is attached hereto as **Exhibit A**. But Ms. Young's

claims are virtually indistinguishable from those already filed across the country against AT&T Inc. and AT&T Mobility LLC—including several brought by Florida citizens and in Florida federal courts—and consolidated for coordinated proceedings in the Northern District of Texas.

7) Indeed, there are numerous previously-filed federal cases transferred to the MDL where Ms. Young is already a putative class member. For example, she is a putative class member in cases seeking to represent "nationwide" classes of those allegedly impacted by the incident. *See e.g.*, *Petroski v. AT&T Inc.*, Case No. 3:24-cv-00757 (N.D. Tex.), ECF 1 at ¶¶ 86, 140, 211 (contractual and statutory unfair practices claims brought on behalf of a putative nationwide class of "[a]ll individuals residing in the United States whose PII was accessed and/or acquired by an unauthorized party" as a result of the data incident); *Unruh v. AT&T Mobility LLC et al.*, Case No. 3:24-cv-1473 (N.D. Tex.), ECF 1 at ¶¶ 6, 7, 61, 89, 130, 143 (contract, unfair practices and declaratory judgment claims brought by Kansas and Florida citizens against AT&T Mobility LLC and AT&T Inc. on behalf of a putative nationwide class of "[a]ll individuals whose personal information was compromised" as a result the data incident); *Garner v. AT&T Inc.*, Case No. 3:24-cv-00962 (N.D. Tex.), ECF 1 at ¶¶ 21, 52, 53, 133, 155 (claims for violations of the duty of good faith and fear dealing and the FDUTPA brought by a Florida citizen on behalf of a nationwide putative class of "[a]ll natural persons in the United States whose Personally Identifiable Information was compromised" as a result of the data incident and also on behalf of a subclass of "[a]ll natural persons in the State of

Florida whose Personally Identifiable Information was compromised" as a result of the data incident).

8) Because Ms. Young's claims are already subsumed within putative class actions currently pending in the MDL, Ms. Young's case is removable pursuant to the Class Action Fairness Act.

**JURISDICTION UNDER CAFA**

9) Pursuant to the Class Action Fairness Act ("CAFA"), where a proposed class involves 100 or more members, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5).

10) CAFA is designed to create "efficiencies in the judicial system by allowing overlapping and 'copycat' cases to be consolidated in a single federal court" and to place "the determination of more interstate class action lawsuits in the proper forum—the federal courts." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 408 (6th Cir. 2008) (quoting S. Rep. No. 109-14, at 5 (2005)). Indeed, CAFA was intended to "mak[e] it harder for plaintiffs' counsel to 'game the system' by trying to defeat diversity jurisdiction." *Id.*

11) "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81,

89 (2014). And where, as here, a plaintiff's claims are already subsumed within an existing MDL, courts have looked past artificial limitations in plaintiff's pleadings in finding federal jurisdiction.

12) For example, in *In re Kitec Plumbing Systems Products Liability Litigation*, 2010 WL 11618052 (N.D. Tex. Aug. 23, 2010), while an MDL involving allegedly defective HVAC pipe was proceeding in Texas, residents of two small communities in Washington filed actions in state court asserting the same claims. The Washington cases were removed and subsequently transferred to the MDL, where the removed plaintiffs sought to remand on the basis that CAFA's amount-in-controversy threshold was not met. Indeed, the removed plaintiffs had pled under the $5 million threshold by carving themselves out of a putative Washington class already pending before the MDL. But the *Kitec* court denied the motions to remand holding instead that it could "pierce the pleadings in order to determine the propriety of federal jurisdiction[,]" and look to the overlapping claims in the MDL class that were "already properly before this Court" in finding federal jurisdiction. *Id.* at *6.

13) The *Kitec* court further reasoned that allowing the removed plaintiffs to proceed in state court would erode the judicial efficiencies created by the MDL and undermine CAFA's aim of eliminating both gamesmanship and copycat actions. The court found that the MDL "implicates [the] multistate or national interests" that CAFA was designed to protect and that the removed actions threatened to

"create duplicative, overlapping or even identical litigation to [the MDL] if they were to be remanded." *Id.* at *7.

14) Similarly, in *Simon v. Marriott Int'l, Inc.*, 2019 WL 4573415 (D. Md. Sept. 20, 2019), plaintiffs brought claims arising out of a data breach incident in Connecticut state court despite an ongoing MDL proceeding addressing dozens of cases brought by plaintiffs nationwide regarding the same incident. To avoid diversity jurisdiction, the *Simon* plaintiffs pled that they intended to represent only a class of stateless individuals domiciled abroad. *Id.* at *1–2. But the Court found that there was "[no] legitimate basis for the need to litigate their claims separately from the MDL because of their geographic location" and to do so would mean plaintiffs "could recover from both their state court action and from the MDL." *Id.* at *4.

15) The *Simon* court further explained that "[t]he policy justifications for finding federal jurisdiction under CAFA even when it is absent on the face of the plaintiff's complaint, such as preventing inefficiency and 'ensuring federal court consideration of interstate cases of national importance,' hold even more true in the MDL context." *Id.* Indeed, "[t]he primary objective of an MDL is to promote the just and efficient conduct of actions that involve common questions of fact. This interest in fairness and efficiency is even stronger in the context of MDLs than in a stand-alone CAFA class action because MDLs combine multiple class (and individual) actions into one lawsuit for purposes of pretrial proceedings." *Id.* Thus, "[a]llowing

the Simons to manipulate CAFA would be harmful here because it could disrupt the orderly progress of the pretrial process in the Marriott MDL." *Id.*

16) A similar result was reached in *Sanders v. Kia America, Inc.*, 2023 WL 3974966 (C.D. Cal. June 13, 2023). There, California residents filed a tort action on behalf of individual plaintiffs in California state court against a California car company regarding issues with anti-theft technology. The *Sanders* plaintiffs' claims were the same as those raised in a pending MDL proceeding created to centralize all litigation for suits by consumers who purchased or leased vehicles that lacked the anti-theft technology. Plaintiffs alleged there was not minimal diversity for removal purposes because both Plaintiffs and the car companies were California residents.

17) Citing *Simon*, the court disagreed, and "reach[ed] beyond the pleadings" to determine that minimal diversity existed because the *Sanders* plaintiffs were subsumed by a class in the MDL that contained non-California citizens. *Id.* at *5.

18) The *Sanders* court explained that, "[while] Plaintiffs are entitled to choose a state forum for their action by limiting the number of plaintiffs or the amount of recovery they seek[,] where there is actually no difference between th[e] action and the existing claims that are being pursued in a multidistrict litigation . . . this is exactly the type of case that CAFA envisioned as removable." *Id.* at *6.

19) This case is like *Kitec, Simon,* and *Sanders*. The incident allegedly impacted individuals nationwide and has resulted in over 60 suits raising the same types of claims, seeking the same types of relief, and seeking to represent classes

that necessarily include Ms. Young's suit. Thus, the Court has jurisdiction under CAFA.

**A. There are more than 100 putative class members.**

20) CAFA provides that the district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

21) Here, Ms. Young's claims are subsumed by cases already pending before the MDL involving identical claims for relief on behalf of more than 100 putative class members *See e.g.*, *Petroski*, ECF 1 at ¶ 143 (contractual and statutory unfair practices claims brought on behalf of a putative nationwide class of "over 70 million" individuals); *Unruh*, ECF 1 at ¶ 92 (contract, declaratory judgment and unfair practices claims brought on behalf of a putative nationwide class of "more than 73 million individuals"); *Garner*, ECF 1 at ¶ 54

**B. Minimal diversity exists.**

22) Under CAFA, diversity of citizenship exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

23) For purposes of diversity jurisdiction, an individual is deemed a citizen of the state where he or she is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002). Ms. Young is a citizen of the state of Florida.

24) AT&T Mobility LLC is a Delaware limited liability company. "[A] limited liability company is deemed to be a citizen of any state of which any of its

members is a citizen." *Blue Ridge Healthcare Mgmt., LLC v. Western World Ins. Co.*, 2020 WL 13356807, at *2 (S.D. Fla. Dec. 15, 2020).

25) AT&T Mobility LLC is a limited liability company comprised of four members: BellSouth Mobile Data, Inc., New Cingular Wireless Services, Inc., SBC Long Distance, LLC, and AT&T Investment & Tower Holdings, LLC.

26) BellSouth Mobile Data, Inc. is a Georgia corporation with its principal place of business in Georgia. Thus, BellSouth Mobile Data is a citizen of Georgia. *See* 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

27) New Cingular Wireless Services, Inc. is a Delaware corporation with its principal place of business in Georgia. Thus, New Cingular Wireless Services is a citizen of Delaware and Georgia.

28) SBC Long Distance, LLC is a limited liability company with one member—SBC Telecom, Inc., which is a Delaware corporation with its principal place of business in Texas. Thus, SBC Long Distance, LLC is a citizen of Delaware and Texas.

29) AT&T Investment & Tower Holdings, LLC is a limited liability company with four members—AT&T Capital Services, Inc., JVI General Partnership, SBC Portfolio Holdings, Ltd., and SBC Telecom, Inc.

30) AT&T Capital Services, Inc. is a Delaware corporation with its principal place of business in Illinois. Thus, AT&T Capital Services is a citizen of Delaware and Illinois.

31) JVI General Partnership has two partners—AT&T Wireline Holdings, LLC and AT&T Solutions Inc. For purposes of determining diversity jurisdiction, "partnerships are citizens of every state in which one of their members or partners are citizens." *Kohlmeier v. American Honda Motors Co., Inc.*, 2022 WL 4104035, at *1 (M.D. Fla. Sept. 8, 2022). AT&T Wireline Holdings, LLC has one member—AT&T DW Holdings, Inc., a New York corporation with its principal place of business in Texas. Thus, AT&T Wireline Holdings is a citizen of New York and Texas. AT&T Solutions Inc. is a Delaware corporation with its principal place of business in Texas. Thus, AT&T Solutions is a citizen of Delaware and Texas. Therefore, JVI General Partnership is a citizen of New York, Texas, and Delaware.

32) SBC Portfolio Holdings, Ltd. is a Delaware corporation with its principal place of business in Texas. Thus, SBC Portfolio is a citizen of Delaware and Texas.

33) SBC Telecom, Inc. is a Delaware corporation with its principal place of business in Texas. Thus, SBC Telecom is a citizen of Delaware and Texas.

34) Based on the foregoing, AT&T Mobility LLC is a citizen of the states of Georgia, Delaware, Texas, New York, and Illinois.

35) Thus, there is complete diversity between Ms. Young and AT&T Mobility LLC.

36) Moreover, looking beyond the pleadings here to the MDL created to efficiently resolve claims regarding the national data incident—as the courts did in *Sanders* and *Simon*—there is also minimal diversity between AT&T Mobility LLC and members of the putative classes pending in the MDL. *See, e.g.*, *Unruh*, ECF 1 at ¶¶ 6, 7, 89 (claims brought by Kansas and Florida citizens against AT&T Mobility LLC on behalf of a putative nationwide class); *Nguyen v. AT&T Mobility LLC*, Case No. 5:24-cv-03574 (N.D. Cal.), ECF 1-1 at ¶¶ 21, 26 (claims brought by California citizen against AT&T Mobility LLC on behalf of a putative class of "[a]ll persons residing in California whose PII was compromised" as a result of the data incident).

37) Thus, as in *Sanders* and *Simon*, the minimal diversity requirements are also satisfied here based on the citizenship of putative class members.

**C. Amount-in-controversy is satisfied.**

38) Pursuant to CAFA, the complaint must put in controversy more than $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The claims of individual class members are aggregated for purposes of CAFA's amount-in-controversy requirement. *See* 28 U.S.C. § 1332(d)(6).

39) The amount-in-controversy requirement is satisfied for the same reason CAFA diversity and numerosity exist in this case. Because Ms. Young's suit is subsumed within numerous putative classes already in the MDL, the Court may look to these actions to evaluate the amount placed in controversy. *See, e.g.*, *Sanders*, 2023 WL 3974966, at *6 (aggregating claims of members in MDL class and

case brought by individuals to reach CAFA amount-in-controversy); *see also* *Petroski*, ECF 1 at ¶ 19 (MDL case subsuming Plaintiff in its class definition and alleging the amount in controversy is over $5 million); *Unruh*, ECF 1 at 10 (same); *Garner*, ECF 1 at ¶ 9 (same).

* * *

40) Because Ms. Young's case is subsumed by numerous cases already pending in the MDL, the CAFA requirements for numerosity, diversity, and amount in controversy are easily met. Thus, removal is proper.

### VENUE IS PROPER

41) This Court is in the judicial district and division embracing the place where Ms. Young filed the State Court Action and where it is pending. Specifically, the United States District Court for the Southern District of Florida embraces Miami-Dade County, Florida. *See* 28 U.S.C. §§ 1441, 1446.

### TIMELINESS OF REMOVAL

42) AT&T Mobility LLC was served with the Summons and Complaint on June 10, 2024. Attached hereto, and incorporated herein as **Exhibit B**, is a true and correct copy of the state court docket and all process, pleadings, and orders served on AT&T Mobility LLC in the State Court Action.

43) AT&T Mobility LLC filed this Notice within 30 days of service of the Complaint and removal is, therefore, timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

## NOTICE

As required by 28 U.S.C. § 1446(d), AT&T Mobility LLC is providing written notice of the filing of this Notice of Removal to Ms. Young and is filing a copy of this Notice of Removal with the Clerk of the County Court for Miami-Dade County, Florida.

Dated: July 10, 2024

Respectfully submitted,

By: *s/ Yameel L. Mercado Robles*

Yameel L. Mercado Robles (1003897)
Baker & Hostetler LLP
200 South Orange Ave., Suite 2300
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
ymercadorobles@bakerlaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing document was served via email and, on July 11, 2024, U.S. mail upon the following:

Maury L. Udell
Beighley, Myrick & Udell, P.A.
2601 S. Bayshore Drive, Suite 770
Miami, FL 33133

*Counsel for Plaintiff*

*/s/Yameel L. Mercado Robles*
*Counsel for AT&T Mobility LLC*